| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1: | Gerardo Andrew Tate | | Social Security number or ITIN: | xxx–xx–4074 |
| | First Name  Middle Name  Last Name | | EIN: _ _–_ _ _ _ _ _ _ | |
| Debtor 2: (Spouse, if filing) | First Name  Middle Name  Last Name | | Social Security number or ITIN: _ _ _ _ EIN: _ _–_ _ _ _ _ _ _ | |
| United States Bankruptcy Court: | District of Oregon | | Date case filed for chapter: | 7    1/6/24 |
| Case number: | 24–60031–pcm7 | | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline       12/20

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | | About Debtor 2: |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Gerardo Andrew Tate | | |
| 2. | **All other names used in the last 8 years** | | | |
| 3. | **Address** | 6170 Genesis St SE<br>Salem, OR 97306 | | |
| 4. | **Debtor's attorney**<br>Name and address | DEVON THORSON<br>Recovery Law Group<br>10260 SW Greensburg Road<br>Ste 4th Floor<br>Portland, OR 97223 | | Contact phone 323–320–4747 |
| 5. | **Bankruptcy trustee**<br>Name and address | Jeanne E Huffman<br>Jeanne E. Huffman, Trustee LLC<br>Pob 1674<br>Pendleton, OR 97801 | | Contact phone 541–612–6765 |

**For more information, see pages 2 & 3 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**       page **1**

| 6. | Bankruptcy clerk's office | 405 E 8th Ave #2600<br>Eugene, OR 97401 | Office Hours 9:00 a.m. – 4:30 p.m. |
|---|---|---|---|
| | Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | | Contact phone 541–431–4000<br><br>Date: 1/6/24 |

| 7. | Meeting of creditors | **February 2, 2024 at 11:00 AM** | Location: |
|---|---|---|---|
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. Photo ID is required. Debtors must also provide proof of reported social security numbers (for example, social security card; medical insurance card; pay stub; W–2 form; IRS form 1099; or Social Security Admin.report). | **Telephone 341 meeting. Dial 877–711–0954, and enter passcode 4081510.** |

| 8. | Presumption of abuse | The presumption of abuse does not arise. |
|---|---|---|
| | If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | |

| 9. | Deadlines | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>- if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>- if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>- if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 4/2/24** |
|---|---|---|---|
| | The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. See line 13 for other important deadlines. | | |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| 10. | Proof of claim | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |
|---|---|---|
| | Please do not file a proof of claim unless you receive a notice to do so. | |

| 11. | Creditors with a foreign address | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|---|

| 12. | Exempt property | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |
|---|---|---|

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**                              page **2**

Case 24-60031-pcm7    Doc 6    Filed 01/06/24

| | | |
|---|---|---|
| **13.** | **Notices Re Proposed Dismissal of Case/Undue Hardship Presumption; and Abandonment of Debtor's Residence (Real Property)** | This case may be dismissed without further prior notice if the debtors fail to complete the meeting of creditors, timely file any documents, or make fee payments ordered by the Court, unless within 21 days of the date in line 6 a party in interest files a written objection to dismissal, setting forth specific grounds, with the Court and sends copies to the debtors' attorney (or debtors if pro se) and trustee. <br><br> Any presumption of undue hardship that may exist in a reaffirmation agreement filed by the debtors shall remain in effect until the effective date of any discharge order entered in this case unless a party in interest objects by **4/2/24**. <br><br> At least 7 days prior to the date set in line 7 for the meeting of creditors, any party in interest who objects to abandonment of the debtors' residence (real property) must file with the Court a written objection and serve a copy on the debtors and debtors' attorney. If no timely objection is filed, the trustee can abandon the property upon request of the debtors or mortgage creditor without any further notice requirement. Mortgage creditors are authorized to negotiate a loan modification with a debtor either before or after the meeting of creditors, but any modification reached cannot become effective until the property is abandoned. Mortgage creditors may use the procedure outlined in LBF 751.7, available at https://www.orb.uscourts.gov, to obtain such abandonment. A creditor's contact with the debtors and/or debtors' attorney to seek, negotiate, and implement a modification shall be considered neither a violation of the automatic stay of 11 USC § 362 nor a violation of the discharge injunction of § 524. Negotiations with represented debtors must be with debtors' counsel who may consent to the creditor communicating directly with the debtors. |
| **14.** | **Trustee Appointment** | The trustee named above is hereby appointed as interim trustee in this case. The trustee's bond shall be the blanket bond previously approved and filed with the U.S. Bankruptcy Court Clerk. UNITED STATES TRUSTEE |
| **15.** | **Court Information and Legal Advice** | Court information is available at https://www.orb.uscourts.gov. For account numbers, etc. contact the debtor's attorney. Contact your own attorney with other questions and to protect your rights. The clerk's office staff is forbidden by law from giving legal advice. |

Official Form 309A (For Individuals or Joint Debtors)    **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**      page **3**